IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MUKESHKUMAR PRAJAPATI, and K.P., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:25-CV-271-BL-KFP |
| JOSEPH B. EDLOW, | ) ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss (Doc. 15) and supporting brief (Doc. 16). On December 8, 2025, the Court ordered Plaintiffs to file a response by December 22, 2025, showing cause why the Motion should not be granted. Doc. 17. To date, Plaintiffs have not filed a response. Defendant filed a reply. Doc. 20.

## I.    BACKGROUND

Plaintiffs Mukeshkumar Prajapati and K.P allege that they are natives and citizens of India. Doc. 1 at 3. Mukeshkumar alleges that while he was in Illinois, he was the victim of a serious crime and "sought nonimmigrant status under INA § 101(a)(15)(U)(i) [the U Visa program.]" *Id.* Plaintiffs claim they applied for the U Visa on April 24, 2023, and cite to attached I-918 and I-918A receipt notices *Id.* at 1 (citing Doc. 1-1 at 1–6). Prajapati claims that on June 26, 2024, he "applied for Bona-fide EAD" and cites to the I-765 receipt notice. Doc. 1 at 1, 7; Doc. 1-2; Doc. 1-3.

Because "USCIS only issues Receipt Notices for petitions that are complete," and "[t]here is no evidence of fraud in the applications and Plaintiffs have attached compelling evidence showing eligibility for U-1 nonimmigrant status" (Doc. 1 at 7), Plaintiffs allege Defendant violated applicable regulation by failing to perform their "duty to place Plaintiffs on the waiting list until new visas become available" (*id.* at 8).

Plaintiffs bring this action against Joseph B. Edlow, Director for United States Citizenship and Immigration Services (USCIS), alleging unreasonable delay after applying for the U Visa and for bona-fide work authorization. *Id.* at 1, 5, 7. Plaintiffs seek relief under the Mandamus Act, alleging that in these circumstances it "grants authority to courts to compel defendants to perform a duty owed to Plaintiff," and they seek to "[c]ompel Defendants to perform their duty to decide on Plaintiffs Bona Fide and wait list determinations." *Id.* at 8.

## II.    STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction . . . . [a]nd if 'the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" *Douglas v. United States*, 814 F.3d 1268, 1280–81 (11th Cir. 2016) (quoting Fed. R. Civ. P. 12(h)(3)). "[T]he party invoking the court's jurisdiction must prove, by a preponderance of the evidence, facts supporting the existence of jurisdiction." *Jory v. United States*, 562 F. App'x 926, 927 (11th Cir. 2014) (per curiam).

"A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction, and Rule 12(b)(1) permits a facial or factual attack." *Willet v. United States*,

24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014)[1] (citing *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). A facial challenge attacks "whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990) (per curiam)). This is a similar standard to the Rule 12(b)(6) standard. *Willet*, 24 F. Supp. at 1173. Alternatively, a factual challenge attacks "the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Kennedy*, 998 F.3d at 1230.

## III.   DISCUSSION

### A.   U Visa Statutory and Regulatory Framework

"The U visa program was created as part of the Victims of Trafficking and Violence Protection Act of 2000," and was designed to assist law enforcement's ability to prosecute cases involving "aliens who are victims of qualifying crimes." *Arenales-Salgado-De-Oliveira v. Jaddou*, 2024 U.S. Dist. LEXIS 2600, at *4 (S.D. Fla. Jan. 5, 2024) (citing Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (2000), and 8 U.S.C. § 1101(a)(15)(U)). "The statute also allows qualifying immediate family members of the principal applicant to apply for derivative U visas." *Id.* (citing 8 U.S.C. § 1101(a)(15)(U)(ii)). The Form I-918A is the application form for derivative family members. *Rashmin Barot v. USCIS*, 2026 U.S. Dist.

---

[1] Here, and elsewhere in this Recommendation, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

LEXIS 7756, at *2 (M.D. Fla. Jan. 15, 2026). "Aliens approved for a U[ ]Visa are entitled to temporary resident status and employment authorization." *Hasan v. Wolf*, 550 F. Supp. 3d 1342, 1346 (N.D. Ga. 2021) (citing 8 U.S.C. § 1184(p)(3)).

The U Visa program is administered by USCIS. *Id.* (citing 8 C.F.R. § 214.14(c)(1)). Because the number of U Visas are capped at 10,000 per year, "USCIS created a regulatory waiting list process." *Id.* (citing 8 U.S.C. § 1184(p)(2), 8 C.F.R. § 214.14(d)(2); 72 Fed. Reg. 53014 (Sept. 17, 2007)). "When USCIS finds a U Visa "approvable but unavailable due to the statutory cap, the petitioner must be placed on the waiting list." *Arenales*, 2024 U.S. Dist. LEXIS 2600, at *6.

To apply for a U Visa, "[a]pplicants . . . must submit a 'Form I-918 . . . and initial evidence to USCIS in accordance with' certain instructions." *Arenales*, 2024 U.S. Dist. LEXIS 2600, at *5 (citing 8 C.F.R. § 214.14(c)(1)). If the applicant has met the requirements, "USCIS will approve Form I-918." *Id.* (quoting § 214.14(c)(5)(i)). Alternatively, if USCIS denies Form I-918, "USCIS will provide written notification to the petitioner of the reasons for the denial." 8 C.F.R. § 214.14(c)(5)(ii). While awaiting adjudication of a U Visa application, USCIS has the authority to "grant work authorization to any alien who has a pending, *bona fide* application for nonimmigrant status under section 1101(a)(15)(U) of this title." *Arenales*, 2024 U.S. Dist. LEXIS 2600, at *6 (citing 8 U.S.C. § 1184(p)(6)). This process authorizes "USCIS [to] conduct a [bona fide determination (BFD)] 'and provide [employment authorization documents] and deferred action to noncitizens with pending, *bona fide* petitions who meet certain discretionary standards.'"

4

*Arenales*, 2024 U.S. Dist. LEXIS 2600, at *7 (third alteration in original) (internal citations omitted)

The BFD and waiting list are two separate actions. *Id.* "A BFD allows U[ ]visa petitioners awaiting placement on a waiting list to receive benefits; once placed on the waiting list, 'USCIS will grant deferred action or parole' to the petitioners and their qualifying family members while they remain on the waiting list." *Id.* (citing 8 C.F.R. § 214.14(d)(2)). "[F]ederal regulations provide that 'eligible petitioners' who are not granted U Visas solely due to the statutory cap 'must be placed on the waiting list and receive written notice of such placement.'" *Canevaro v. Wolf*, 540 F. Supp. 3d 1235, 1242 (N.D. Ga. 2021) (emphasis omitted) (quoting 8 C.F.R. § 214.14(d)(2)). Further, when "USCIS has not yet determined whether Plaintiffs are 'eligible petitioners,' . . . [petitioners] are not yet entitled to be waitlisted." *Id.*; *see also Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1204 (M.D. Fla. 2007) ("[I]f [the plaintiff's] application has not been adjudicated because the pace is slow, but the [US]CIS is still acting on it, then this Court is without subject matter jurisdiction to review the matter.").

### B.    Plaintiff's Claim is Moot

Plaintiffs "seek[] to compel Defendants to grant Plaintiffs deferred action, bona fide and wait list determination based on their U-1 status pending with [USCIS]." Doc. 1 at 1. Defendant argues that Plaintiffs' claim is moot because "USCIS has already completed the adjudications Plaintiffs ask this Court to compel." Doc. 16 at 6.

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of certain 'Cases' and 'Controversies.'" *Adler v. Duval*, 112 F.3d 1475, 1477

5

(11th Cir. 1997) (quoting U.S. Const. art III, § 2). "The doctrine of mootness is derived from this limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (citing *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 777 F.2d 598, 604 (11th Cir. 1985)). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (alteration in original) (internal quotations omitted). "Any decision on the merits of a moot case would be an impermissible advisory opinion." *Id.* "Mootness is a jurisdictional issue and must be addressed at the outset. If a case is moot, dismissal is required." *Muhammad v. HSBC Bank USA, N.A.*, 399 F. App'x 460, 461 (11th Cir. 2010) (per curiam) (citing *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003)).

Defendant argues Plaintiffs have already received the bona fide and waitlist decisions they were seeking. Doc. 16 at 8. Specifically, Defendant presents that "[o]n May 15, 2024, USCIS issued notice that it had made a favorable bona fide determination on . . . Mukeshkumar's Petition for U Nonimmigrant Status (Form I-918), and on July 24, 2024, USCIS approved [his] Application for Employment Authorization (Form I-765)," which granted Mukeshkumar employment authorization beginning on July 24, 2024. Doc. 16 at 2; Doc. 16-1.[2] Defendant further described that following the approval of

---

[2] "In a factual challenge to subject matter jurisdiction, a district court can 'consider extrinsic evidence such as deposition testimony and affidavits.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Serv.*, 572 F.3d 1271, 1279 (11th Cir. 2009)). "[I]n ruling on a 12(b)(1) factual challenge to subject matter jurisdiction, the Court is free to consider extrinsic evidence outside the Complaint to determine its power to hear the case." *In re Waterfront License Corp.*, 231 F.R.D. 693, 697 (S.D. Fla. 2005). "Generally, when considering a motion to dismiss, the district

Mukeshkumar's BFD, on November 15, 2024, USCIS issued notice that K.P.'s Form I-918A was not eligible for benefits under the BFD process. *Id.* at 2. After reviewing whether Plaintiffs were eligible for U nonimmigrant status and placement on the U waiting list, "USCIS determined that Plaintiffs were ineligible for U status and placement on the U waiting list and on November 28, 2025, USCIS sent notices to Plaintiffs notifying them that it had denied their Forms I-918 and I-918A." *Id.* at 2–3; *see also* Doc. 16-1.

Plaintiffs are seeking to compel Defendant to make a determination for their U Visa petitions, but Defendant has already made a determination. Defendant made the initial BFD determination, which is distinct from the eligibility finding for placement on the U Visa waiting list. *Arenales*, 2024 U.S. Dist. LEXIS 2600, at *7. Subsequently, Defendant also found Plaintiffs ineligible for U Visa and thus denied their applications. Doc. 16 at 2–3; *see also* Doc. 16-1. As Defendant argues, the issues Plaintiffs allege are taking too long

---

court must limit its consideration to the pleadings and any exhibits attached to it." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023).

Plaintiff does not challenge the authenticity of Defendant's attached exhibits. Further, the attached exhibits are approval and determination notices corresponding to Mukeshkumar's I-765 application and I-918 petition referenced in his Complaint. Doc. 1, Doc. 16-1. The other documents Defendant includes are the November 2025 Decisions denying Plaintiffs' I-918 U Visas. Doc. 16-1 at 4–12 (attaching Mukeskumar's denied Form I-918 petition and K.P.'s I-918A petition).

These exhibits are central to Plaintiffs' claim seeking a decision on Plaintiffs' bona fide and wait list determinations. Doc. 1 at 8. "On a motion to dismiss, the court may take judicial notice of a fact outside of the pleading 'provided that it is central to the plaintiff's claims and is undisputed in terms of authenticity.'" *Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111 (S.D. Fla. Sept. 30, 2022) (quoting *Kuber v. Berkshire Life Ins. Co. of Am.*, 423 F. Supp. 3d 1326, 1331 (S.D. Fla. 2019)). In addition, "[a] district court may take judicial notice of public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Finally, "[s]everal district courts within the Eleventh Circuit have taken judicial notice of USCIS decisions and other information readily available on the websites of government agencies, finding such information was not subject to reasonable dispute and was capable of accurate and ready determination." *Ryzhov*, 634 F. Supp. 3d at 1111 (collecting cases).

and seek to compel through this action, (1) the BFD determination and (2) the waitlist determination, were resolved by USCIS finding that Plaintiffs were not eligible for placement on the waitlist. Doc. 16 at 2–3; *see also* Doc. 16-1. Thus, by issuing the BFD determination and waitlist determination, USCIS has delivered the relief Plaintiffs have requested, and for this reason, Plaintiffs' claims are moot and due to be dismissed.

## IV.    CONCLUSION

For the above reasons, the undersigned RECOMMENDS Defendant's Motion to Dismiss (Doc. 15) be GRANTED.

It is further ORDERED that on or before **March 9, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 23rd day of February, 2026

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE